LANSING URBAN RENEWAL v. WERY

1. EMINENT DOMAIN—REVIEW OF NECESSITY—STANDING.
   Review of necessity of condemnation is limited to persons having a justiciable interest claiming fraud or abuse of discretion, or both, on the part of the condemning authority in determining the necessity of the taking of all or any part of the property (MCLA § 213.368).

2. EMINENT DOMAIN—MOTION TO REVIEW NECESSITY—APPEAL AND ERROR.
   Denial of a motion to review necessity in a condemnation proceeding will not be overturned on appeal where the finding of the trial court that no fraud or abuse of discretion existed was not clearly erroneous (GCR 1963, 517.1).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 February 3, 1971, at Lansing. (Docket No. 8642.) Decided April 21, 1971. Affirmed by Supreme Court, 385 Mich 768.

Complaint by City of Lansing against Francis J. Wery, Genevieve Wery, Bret S. Riley, Cygred Riley, the Estate of Mary E. Riley, Gladys H. Bowlin, Russell G. Weston, Fred R. Heldmeyer and wife, Betty B. Lewis, Gligor C. Pogoncheff, Ianaa Pogoncheff, Washington Grill, Inc., Ginka Lewis, Sonia Lewis, Tina Lewis, Mildred E. L. Hayes, Zulema M. Hayes, and Alexandra Kontas for condemnation incidental to urban renewal. Defendants' motion to review necessity denied. Dismissed as to all de-

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain §§ 111–113.
   27 Am Jur 2d, Eminent Domain § 404.
[2] 27 Am Jur 2d, Eminent Domain § 471.

fendants except Fred R. Heldmeyer and wife, Betty
B. Lewis, Gligor C. Pogoncheff, Ianaa Pogoncheff,
and Washington Grill, Inc. Plaintiff appeals. Dis-
missed defendants except Francis J. and Genevieve
Wery cross-appeal. Plaintiff's motion to dismiss
its appeal granted. Cross-appeal ordered prose-
cuted. Denial of motion to review necessity affirmed
and cause remanded for further proceeding on
plaintiff's complaint in condemnation.

*Hildebrant, King, Weed, Smith & Brown* (by
*Bruce S. King,* Special Assistant City Attorney),
for plaintiff.

*Sinas, Dramis, Brake & Turner, P.C.* (by *Lester
N. Turner*), for defendants.

Before: QUINN, P. J., and McGREGOR and
O'HARA,* JJ.

QUINN, P. J. This is a condemnation action filed
July 3, 1968, pursuant to PA 1966, No 295, as
amended[1] (MCLA §§ 213, 361 *et seq.*; Stat Ann
1970 Cum Supp §§ 8.261[1] *et seq.*). The condem-
nation is incidental to plaintiff's urban renewal
project no. 1. Pursuant to MCLA § 213.368 (Stat
Ann 1970 Cum Supp § 8.261[8]), defendants filed
motions to review necessity. They also moved to
dismiss the proceedings. After extensive hearings
and consideration of briefs, the trial judge filed his
written opinion which contains detailed findings of
fact and conclusions of law. On the basis of this
opinion, an order entered November 21, 1969, deny-
ing review of necessity and granting dismissal as

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.
[1] By PA 1967, No 206.

to defendants Francis J. and Genevieve Wery, Bret S. and Cygred Riley, Estate of Riley, Bowlin, Weston, Ginka, Sonia and Tina Lewis, Mildred E. L. and Zulema M. Hayes and Kontas. The dismissal was for failure of plaintiff to comply with PA 1968, No 189, § 4(2)(c). (MCLA 1969 Cum Supp § 125.74[2][c]; Stat Ann 1969 Cum Supp § 5.3504[2][c]). The latter act was an amendment to PA 1945, No 344 (MCLA § 125.71 *et seq.*; Stat Ann 1969 Rev § 5.3501 *et seq.*). All other grounds of dismissal raised in the pleadings were denied.

Plaintiff appealed the order of dismissal and defendants Bret S. and Cygred Riley, Estate of Riley, Bowlin, Weston, Ginka, Sonia and Tina Lewis, Mildred E. L. and Zulema M. Hayes, and Kontas filed a cross-appeal on the denial of their motion to review necessity.

PA 1969, No 336 (MCLA 1970 Cum Supp § 125-.84; Stat Ann 1971 Cum Supp § 5.3513[14]) became effective November 28, 1969. It provided an exemption for urban renewal projects initiated prior to June 22, 1968, from the provisions of MCLA 1969 Cum Supp § 125.74(2)(c), *supra,* under certain conditions on passage of a resolution by the local legislative body. On the basis that project no. 1 was initiated prior to June 22, 1968, that the conditions specified in PA 1969, No 336, were met, and that Lansing city council had passed the required resolution, plaintiff filed its motion May 8, 1970 to dismiss its appeal and to remand the action for further proceedings. July 7, 1970, this Court dismissed plaintiff's appeal and ordered that the cross-appeal be prosecuted to conclusion, hence remand was not ordered. That order has not been appealed from, and we consider the present status of this appeal to be an appeal on those issues related to the denial of defendants' motions to review necessity.

MCLA § 213.368 (Stat Ann 1971 Cum Supp § 8. 261[8]), limits review of necessity to persons having a justiciable interest claiming fraud or abuse of discretion, or both, on the part of Lansing city council in determining necessity of the taking of all or any part of the property. As to each ground of fraud or abuse of discretion, or both, asserted by defendants as a basis for review of necessity, the trial judge made findings of fact and concluded that no fraud or abuse of discretion was shown. Our review of the record does not convince us that these findings were clearly erroneous (GCR 1963, 517.1), and those findings support the conclusions of the trial judge.

Affirmed and remanded to the trial court for further proceedings on plaintiff's complaint in condemnation with costs to plaintiff.

All concurred.